

Christopher P. Montville
303.244.1951
montville@wtotrial.com

November 10, 2015

<u>By ECF</u>
The Honorable Andrew L. Carter Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

   Re: *Gansett One, LLC, et al. v. Husch Blackwell, LLP, et al.*
      United States District Court, Southern District of New York
      Case No. 15-cv-3551 (ALC) (GWG)
      Defendants' letter brief regarding diversity and supplemental jurisdiction

Dear Judge Carter:

  I submit, on behalf of Defendants Husch Blackwell LLP and Diane T. Carter (together, "Husch Blackwell"), this letter brief discussing whether the Court should retain jurisdiction over Plaintiffs' state-law tort claims if it dismisses their federal claim under the Racketeer Influenced Corrupt Organizations Act ("RICO"). The Court should retain jurisdiction for three reasons.

  First, the Court has diversity jurisdiction over Plaintiffs' state-law claims, because Plaintiffs' members (and therefore Plaintiffs themselves) are all citizens of New Jersey, while neither Ms. Carter nor any Husch Blackwell partner is a New Jersey citizen. Because Plaintiffs also claim damages in excess of $75,000, the Court's *jurisdiction* is settled. The only question, then, is whether the Court should *exercise* that jurisdiction. This question turns on whether removal was procedurally proper—and more specifically, whether the forum-defendant rule, which limits removal in certain circumstances where a defendant resides in the forum state, barred removal based on diversity jurisdiction. Under the recently amended removal statute, the forum-defendant rule did not apply to removal of this case, because removal was not based "solely" on diversity of citizenship. 28 U.S.C. § 1441(b)(2). Because complete diversity will continue even if the Court dismisses the RICO claim, the Court must retain jurisdiction.

  Second, even if a procedural defect marred removal, which it did not, any such defect must be raised within 30 days of removal. Otherwise, under Second Circuit precedent, the case cannot be remanded even on the Court's own initiative. Here, Husch Blackwell expressly disclosed the existence of a forum defendant on the same day it removed this case, yet Plaintiffs did not object. They continued to acquiesce to the Court's jurisdiction even after Husch Blackwell included an extended discussion of the issue in its Motion to Dismiss. Because Plaintiffs failed to object, and because complete diversity exists, the case cannot be remanded.

WheelerTriggO'Donnell LLP

November 10, 2015
Page 2

Third, and in the alternative, the Court should exercise supplemental jurisdiction to dismiss all of Plaintiffs' claims with prejudice. To resolve the RICO claim, the Court will expend substantial judicial resources distilling Plaintiffs' prolix Amended Complaint into something susceptible to a methodical legal analysis. Once this effort has been undertaken, it would be far more efficient for this Court to analyze and dismiss the state-law claims than it would be for a justice of the New York Supreme Court to repeat the entire exercise from scratch. The Court therefore should follow the approach of others in this district under similar circumstances and dismiss Plaintiffs' state-law claims on their merits.

## I. PROCEDURAL BACKGROUND

After Plaintiffs filed this case in state court, Husch Blackwell conducted a factual investigation and found that complete diversity existed among the parties. (*See* Notice of Removal, *Doc. 1*, at 3–6.) Husch Blackwell then removed to this Court based on both federal-question and diversity jurisdiction. (*Id.*)

Husch Blackwell, in its May 6, 2015, Notice of Removal, expressly addressed the application of the forum-defendant rule. It explained that, although the rule might have barred removal based on diversity of citizenship alone, the rule does not apply to a removal based concurrently on federal-question jurisdiction. (Notice of Removal, *Doc. 1*, at 3 n.3.) Husch Blackwell also disclosed and distinguished nonbinding precedent that, prior to a statutory amendment, might have weighed against diversity removal. (*Id.*) Plaintiffs did not disagree.

Then, on August 24, 2015, Husch Blackwell filed a Memorandum in Support of its Motion to Dismiss, (*Doc. 34*), in which it expanded its discussion of the forum-defendant rule and also asked, in the alternative, that the Court exercise supplemental jurisdiction. (*Id.* at 13–15.) Plaintiffs chose not to address this argument in their Memorandum in Opposition. (*See generally* Memo. in Opp., *Doc. 38*.) The Court then asked for this supplemental briefing.

## II. HUSCH BLACKWELL PROPERLY REMOVED THIS CASE BASED ON DIVERSITY OF CITIZENSHIP

Husch Blackwell removed this case on two independent bases. First, it removed because the Court has federal-question jurisdiction based on Plaintiffs' federal RICO claim. *See* 28 U.S.C. § 1331. Second, the Court has diversity jurisdiction, which will continue even if the Court dismisses the federal claim. Because Plaintiffs are limited liability companies, the diversity analysis disregards their corporate form and looks to the citizenship of their members. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000). Here,

WheelerTriggO'Donnell LLP

November 10, 2015
Page 3

Plaintiffs' members each appear to reside in New Jersey.[1] (*See* Notice of Removal, *Doc. 1*, at 3–5.) Husch Blackwell, meanwhile, is a partnership that assumes the citizenship of all of its partners, none of whom is a citizen of New Jersey. (*Id.* at 5–6.) Complete diversity therefore exists. *See* 28 U.S.C. § 1332(a). Consequently, because the amount in controversy exceeds $75,000, the Court has jurisdiction based on diversity of citizenship. *See id*.

With diversity jurisdiction established, the Court need only resolve whether the removal itself was proper, if that issue is timely raised. Absent a timely objection, any procedural defect in the removal is waived. *See* 28 U.S.C. § 1447(c). The prerequisites for removal, set forth in 28 U.S.C. § 1441, are procedural. *See Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 313 (2d Cir. 2005). Among these procedural requirements is the forum-defendant rule, establishing that "[a] civil action otherwise removable *solely* on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b)(2) (emphasis added).

Here, a Husch Blackwell partner lives in New York State. (*See* Notice of Removal, *Doc. 1*, at 3 n.3; Memo., *Doc. 34*, at 14.) This fact, however, does not impact the propriety of removal based on diversity jurisdiction. As with any statute, subsection 1441(b)(2) must be applied as its plain language directs. *See Moreland v. Van Buren GMC*, 93 F. Supp. 2d 346, 354 (E.D.N.Y. 1999) (engaging in a plain-language analysis of section 1441). The statute's language is unambiguous: if a defendant removes on the basis of diversity, and also concurrently for some other reason, the case is not one "removable *solely* on the basis of [diversity jurisdiction]." 28 U.S.C. § 1441(b)(2) (emphasis added). The forum-defendant rule therefore does not apply.

It is true that some district courts have referenced the forum-defendant rule in remanding cases after dismissing federal claims, notwithstanding the existence of complete diversity. *See, e.g.*, *Trask v. Kasenetz*, 818 F. Supp. 39 (E.D.N.Y. 1993). *But see In re Repository Techs., Inc.*, 601 F.3d 710, 722 (7th Cir. 2010) (recognizing, even before the section 1441 amendment, that the situation presented an "interesting" unresolved question, but declining to reach the issue and instead reversing on other grounds); *Woods v. Sw. Airlines, Co.*, 523 F. Supp. 2d 812, 820 & n.2 (N.D. Ill. 2007) (retaining diversity jurisdiction after losing federal-question jurisdiction, despite the presence of a forum defendant). These seemingly adverse cases, however, are distinguishable for two reasons.

---

[1] If Plaintiffs disagreed with Husch Blackwell's understanding of their citizenship, they should have said so months ago. Ultimately, however, the complete diversity requirement, unlike the forum-defendant rule, cannot be waived. *See Chicago, B. & Q. Ry. Co. v. Willard*, 220 U.S. 413, 420 (1911). In the event Plaintiffs now claim that they were citizens of states other than New Jersey at the time Husch Blackwell removed, the Court should allow jurisdictional discovery to provide Husch Blackwell with the opportunity to confirm or refute that assertion.

**Wheeler Trigg O'Donnell LLP**

November 10, 2015
Page 4

First, most of this case law arose prior to an amendment to section 1441 that became effective in January 2012. *See* Pub. L. No. 112–63, § 205 (2011). Prior to the amendment, one arguably could have read the forum-defendant rule to apply even to cases also removed on a non-diversity basis. *See* 28 U.S.C. § 1441(b) (2003) (using entirely different language to set forth the forum-defendant rule). But this changed on January 6, 2012, when the current version of section 1441 became effective. The statute now allows only one reading, because a case removed under both federal-question *and* diversity cannot, in any sense, be considered "removable *solely* on the basis of [diversity jurisdiction]." *See* 28 U.S.C. § 1441(b)(2) (emphasis added).

Second, in most or all of these historical cases, even if the defendant *could* have removed concurrently based on diversity jurisdiction, it did not. *See, e.g. Trask*, 818 F. Supp. at 44 (pointing out that the defendants removed "solely on the ground that the complaint stated a federal cause of action"). Instead, the defendants argued for diversity jurisdiction only after dismissal of the federal claims. *See id.* This reality rendered the question of whether the defendant *could have* removed based on diversity jurisdiction moot. Here, by contrast, Husch Blackwell expressly removed based on diversity of citizenship. (*See* Notice of Removal, *Doc. 1*.)

### III. PLAINTIFFS WAIVED ANY OBJECTION

Even if Husch Blackwell were wrong about the effect of the section 1441(b)(2) amendment, this case nonetheless must remain in federal court. This is because "[a] motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c). In the Second Circuit, this absolute rule applies even to *sua sponte* remands. *See Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 644 (2d Cir. 1993) (finding a removal defect "waived by the failure of [the non-removing party], or the court *sua sponte*, to raise the matter within 30 days of removal"). Absent a motion or objection made within 30 days, a court "lack[s] authority under § 1447(c) to remand . . . ." *Id.* This rule holds firm no matter how egregious the procedural removal defect. *See id.* (discussing a plaintiff's attempt to remove his own lawsuit).

Here, Husch Blackwell, mindful of the potential for waiver, took pains to put Plaintiffs on notice that it was removing based on diversity of citizenship despite the presence of a forum defendant. (Notice of Removal, *Doc. 1*, at 3 n.3.) Husch Blackwell even pointed Plaintiffs to *Trask*. (*Id.*) Yet, Plaintiffs have never once suggested that they preferred a remand over a decision by this Court on the merits of their state-law claims. And Plaintiffs' decision not to contest diversity jurisdiction was no mere oversight; when Husch Blackwell discussed the issue in its Memorandum in Support of its Motion to Dismiss, Plaintiffs left it unaddressed. (*See generally* Memo. in Opp., *Doc. 38*.)

It is true that section 1447(c) speaks of the 30-day deadline as applying to a "motion to remand," and it is true that, on account of concurrent federal-question jurisdiction, this case could not have been remanded during that timeframe. Plaintiffs, however, could have complied

**Wheeler Trigg O'Donnell LLP**

November 10, 2015
Page 5

with the statutory deadline by filing a conditional motion to remand or, at a minimum, by asking the Court to evaluate the issue within 30 days of removal. Instead, they have effectively consented to the Court's continuing jurisdiction.

The Court would break no new ground by retaining jurisdiction. In *Woods*, the plaintiff removed based solely on federal-question jurisdiction. 523 F. Supp. 2d at 820. After an interlocutory appeal, the Seventh Circuit concluded that the case did not, in fact, present a federal question. *Id.* The federal district court nonetheless declined to remand. *Id.* It made this decision based not only on supplemental jurisdiction, but also because "diversity jurisdiction was present at the time the case was removed, even though the removing parties did not assert diversity jurisdiction as a basis for removal." *Id.* at 820. The presence of a forum defendant did not matter, because "the ability to seek remand is waived if the plaintiff does not invoke it within 30 days of the removal." *Id.* at 820 n. 2. The present case differs only in that Husch Blackwell *did* remove based on diversity, rendering Plaintiffs' waiver even more evident.

### IV.   THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION

The Court should also exercise its supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). When "the outcome of [the state law] claim is plain," judicial efficiency warrants dismissal of state-law claims with prejudice, rather than remand. *See Waterman v. Transp. Workers' Union Local 100*, 8 F. Supp. 2d 363, 369 n.2 (S.D.N.Y. 1998) (retaining jurisdiction over state-law legal malpractice claims after dismissal of RICO claim, and then dismissing the state-law claims under Rule 12(b)(6)), *aff'd*, 176 F.3d 150 (2d Cir. 1999).

Here, to evaluate the sufficiency of Plaintiffs' RICO claim, the Court necessarily will have to untangle the prolix and discursive Amended Complaint. Plaintiffs' state-law claims, meanwhile, rest on the same undifferentiated body of alleged representations and omissions as the RICO claim. There is no reason for a Justice of the New York Supreme Court to duplicate this Court's effort when the outcome in either forum would be the same: dismissal of the Amended Complaint in its entirety.

            Very truly yours,

            Christopher P. Montville

cc:   All Counsel of Record (by ECF)