# EPSTEINARLEN&OSTROVE,LLC

## ATTORNEYS AT LAW

**DANIEL N. EPSTEIN**\*†
**GEOFFREY C. ARLEN**\*
**ELLIOT D. OSTROVE**\*†

\*Member of New York and New Jersey Bars
†Certified by the Supreme Court of New Jersey as a Civil Trial Attorney
‡Rule 1:40 Qualified Mediator

November 17, 2015

**VIA ECF and**
**E-Mail to ALCarterNYSDChambers@nysd.uscourts.gov**
The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

      Re:    *Gansett One, LLC* v. *Husch Blackwell, LLP*
              Civil Action No. 15-cv-3551 (ALC) (GWG)

Dear Judge Carter:

      We represent Plaintiffs in connection with the above-referenced matter.  This letter is in response to the November 10, 2015 Letter from counsel for Husch Blackwell, LLP and Diane T. Carter (collectively "Defendants").  *See* Dkt. 41.

### A. Removal was Proper Because This Court Has Federal Question Jurisdiction

      When Defendants removed this matter, they did so claiming both Federal Question Jurisdiction and Diversity Jurisdiction.  *See* Notice of Removal, Dkt. 1.  While removal for Federal Question Jurisdiction was proper at the time, there was not and has never been Diversity Jurisdiction.

      There is a lack of diversity between the parties.  As each of the parties are limited liability entities, their residence is based on the state in which each of their members reside.  *See Cosgove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998) (for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership).  First, there is no diversity because a Husch Blackwell partner, as acknowledged by Defendants (Dfnts' Mem. at p. 3), lives in the State of New York, and, a member of Plaintiff, Gansett One, Sebastian Lattuga, is a resident of North Haven, New York.  Additionally, Diane Carter, an individual Defendant, and presumably other members of Husch Blackwell LLP, are residents of the State of Texas, and, a member of Plaintiff, Gansett One, Russell Poses, is a resident of Austin, Texas.  All were residents of New

The Honorable Andrew L. Carter, Jr.
November 17, 2015
Page 2

York or Texas as of the filing of the Complaint in April of this year.  Therefore, there is no diversity between the Parties because Plaintiff, Gansett One, and Defendants, Ms. Carter and Husch Blackwell, are all residents of New York and/or Texas.

Until now, Plaintiffs have not had to address the issue of diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this Court has always maintained Federal Question Jurisdiction pursuant to the Plaintiffs claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c).  Because this matter was properly removed to federal court on grounds of federal-question jurisdiction, lack of diversity between the parties has been a moot point.  *See also* Notice of Removal, Dkt. 1, ¶¶8-11.

### B. The Court Properly Retains Jurisdiction over the Matter Because at the Time of Removal, and currently, the Plaintiffs Have Sufficiently Plead RICO Violations

The question of jurisdiction is determined at the time of removal.  *See Behlen v. Merrill Lynch*, 311 F.3d 1087 (11th Cir. 2002), cert. denied, 123 S. Ct. 2583 (2003) (As long as allegations that gave rise to subject matter jurisdiction at the time of removal, subsequent actions did not divest the court of jurisdiction); *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980), cert. denied, 450 U.S. 949, (1981) (In removed cases, the existence of federal subject matter jurisdiction is determined at the time of removal).  At the time of removal this Court exercised proper jurisdiction because the removal was properly based on Federal Question Jurisdiction.  *See* Notice of Removal, Dkt. 1, ¶¶8-11.  In this case, Plaintiffs have presented a claim under RICO.  Further, Plaintiffs have more than sufficiently plead all four elements of a RICO claim in their Amended Complaint, and, more than adequately support their RICO claim in their Opposition to Defendants' Motion to Dismiss.  *See* Plntfs' Opp. to Mtn. to Dismiss, Dkt. 38, at p. 16-21.

Because this Court has jurisdiction over this matter pursuant 28 U.S.C. § 1331, it need not consider whether it should exercise supplemental jurisdiction over the related common-law claims.  Where a district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  Defendants do not dispute that both the RICO allegation and common-law state claims are related.  *See* Dfnts' Mem. at. p. 5 ("Plaintiffs' state-law claims, [], rest on the same undifferentiated body of alleged representations and omissions as the RICO claim").  This Court should continue to exercise jurisdiction over *all* the claims in Plaintiffs' Amended Complaint and deny Defendants' Motion to Dismiss in its entirety.[1]

---

[1] To the extent, it has not otherwise been requested before, Plaintiffs respectfully request oral argument on Defendants' Motion to Dismiss.

The Honorable Andrew L. Carter, Jr.
November 17, 2015
Page 3

**C. If the Court Dismisses Plaintiffs' RICO Claim, Plaintiffs Respectfully Request that the Court Remand the Matter to the State Court for a Decision on all Other Issues**

If this Court is inclined to dismiss Plaintiffs' RICO claim, which it should not, this Court should remand the remainder of the Motion to Dismiss for a decision by the State Court. Even though it is within the Court's discretion to exercise supplemental jurisdiction over the remaining common law claims, (*see, e.g. Carlsbad Tech. Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639-640 (U.S. 2009)), in this case, the Court should remand once it has dismissed the claim over which it has original jurisdiction. Indeed, if the RICO claim is dismissed, none of the factors set forth in 28 U.S.C. § 1367(c) would point to the Court keeping this matter. *See* 28 U.S.C. § 1367(c)(1) - (4). Because there would be no reason for the Court to retain jurisdiction over the state law claims, the Court should not consider them at all. Rather, it should remand the matter to the State Court so that the State Court may consider and rule on the Motion to Dismiss with respect the state law claims.

Respectfully submitted,
EPSTEIN, ARLEN & OSTROVE, LLC

By: _____
ELLIOT D. OSTROVE

cc:     All Counsel of Record (via ECF)