

Christopher P. Montville
303.244.1951
montville@wtotrial.com

November 20, 2015

By ECF
The Honorable Andrew L. Carter Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

> Re: *Gansett One, LLC, et al. v. Husch Blackwell, LLP, et al.*
> United States District Court, Southern District of New York
> Case No. 15-cv-3551 (ALC) (GWG)
> Defendants' letter reply brief regarding jurisdiction

Dear Judge Carter:

I submit, on behalf of Defendants Husch Blackwell LLP and Diane T. Carter (together, "Husch Blackwell"), this reply to Plaintiffs' Response Letter Brief, *Doc. 42*.

## I. THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION

Husch Blackwell has asked that the Court, in the interest of judicial efficiency, exercise supplemental jurisdiction with respect to the Motion to Dismiss because "it is clearly apparent how the state claim is to be decided." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007) (identifying exceptions to general rule favoring remand after dismissal of federal claims). *See also Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 9 (1st Cir. 2012) (affirming exercise of supplemental jurisdiction to dismiss state-law claim). Although the Amended Complaint might seem complex on its face, the analysis necessary to resolve the RICO claim will reveal that only a handful of allegations actually relate in any way to Husch Blackwell. Once this analysis is complete, the state-law claims are easily resolved because these limited allegations do not support the state-law claims. It therefore is more efficient for this Court to resolve those claims than for a state court to repeat the exercise, only to come to the same inevitable conclusion that this Court would reach.

Plaintiffs also ask that this Court exercise supplemental jurisdiction. (Response Letter Brief, *Doc. 42*, at 2.) Plaintiffs, however, cabin their request, asking for supplemental jurisdiction only to *deny* the Motion to Dismiss. (*Id.*) If the Court would otherwise grant the motion, Plaintiffs ask that the Court remand. (*Id.*, at 3.) In other words, Plaintiffs agree that this Court should resolve all claims, except that they ask for a do-over in state court if this Court determines that Plaintiffs' common-law claims should be dismissed.

The exercise of supplemental jurisdiction, however, should not be outcome-oriented. Because the parties agree that efficiencies would result if the Court considers the merits of the

WheelerTriggO'Donnell LLP

November 20, 2015
Page 2

state-law claims alongside the RICO claim, the Court should exercise supplemental jurisdiction regardless of its ultimate ruling on the Motion to Dismiss.

## II.     LIMITED JURISDICTIONAL DISCOVERY IS APPROPRIATE

If the Court dismisses the RICO claim, but declines to exercise supplemental jurisdiction, the analysis would shift to whether diversity jurisdiction exists. More than six months ago, Husch Blackwell removed this case based on diversity jurisdiction. (Notice of Removal, *Doc. 1*, at 3.) It attached to its Notice of Removal documents establishing a prima facie case that complete diversity existed among the parties. (*Id.*, *Exs. A–E*.) Plaintiffs never challenged Husch Blackwell's understanding.

Husch Blackwell then referenced the existence of complete diversity in its Memorandum in Support of its Motion to Dismiss. (*Doc. 34*, at 13–15.) Again, Plaintiffs did not challenge the existence of complete diversity. (*See generally* Plaintiffs' Memo. in Opp., *Doc. 38*.) Then, at the November 3, 2015, status conference, Plaintiffs' counsel sat silent while the Court ordered letter briefing on the application of the forum-defendant rule—a rule that would be immaterial in this case but-for the existence of diversity jurisdiction. (*See* Minute Order, *Doc. 39*.)

Now, for the first time, Plaintiff Gansett One claims that it has members in New York and Texas. (Response Letter Brief, *Doc. 42*, at 1–2.) This might be so, but given Gansett One's failure to allege these jurisdictional facts earlier, combined with Husch Blackwell's prima facie showing of complete diversity in the Notice of Removal, limited jurisdictional discovery is appropriate. *See Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013) ("Courts have allowed jurisdictional discovery where there has been a threshold showing for some basis to assert jurisdiction, such as facts that would support a colorable claim of jurisdiction.").

Husch Blackwell therefore respectfully suggests that the Court allow limited jurisdictional discovery sufficient to establish (1) whether the members Plaintiffs identify were in fact domiciled in New York or Texas when this action was filed, *see Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."); and (2) whether these individuals were in fact members of Gansett One when this action was filed. Limited jurisdictional discovery would place little burden on Plaintiffs, while at the same time helping ensure that the Court can evaluate the jurisdictional issues based on an accurate factual record.

Very truly yours,

Christopher P. Montville

cc:  All Counsel of Record (by ECF)